IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Windsor W. Kessler, III, | ) | C/A No. 0:17-1850-CMC-PJG |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Warden Gio Ramirez, | ) | |
| Respondent. | ) | |

The petitioner, Windsor W. Kessler, III, a self-represented federal prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's motion to dismiss. (ECF No. 15.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. (ECF No. 16.) Petitioner filed a response in opposition to the motion (ECF No. 20), and Respondent filed a reply (ECF No. 21). Having reviewed the record presented and the applicable law, the court finds Respondent's motion to dismiss should be granted.

At the time he filed the Petition, Petitioner was incarcerated at FCI Williamsburg, a Federal Bureau of Prisons ("BOP") facility. Petitioner has since been transferred to a prison in a different judicial district. In the Petition, Petitioner raises claims concerning his loss of good conduct time in a disciplinary action brought against him by BOP officials while he was incarcerated at the Federal Correctional Complex in Petersburg, Virginia. Petitioner asserts claims that he was never issued a disciplinary hearing officer's report and he was not allowed to question BOP's witnesses at the

Page 1 of 4

*PJG*

hearing. Petitioner seeks to have his disciplinary record expunged and his lost good conduct time restored.

In his motion to dismiss, Respondent asserts the Petition is moot because BOP expunged Petitioner's disciplinary action from his record and restored Petitioner's good conduct time credits. Respondent supports the motion with exhibits showing that Petitioner's disciplinary action at issue in this matter has been expunged. (Resp.'s Mot. to Dismiss, Exs. 1 & 2, ECF Nos. 15-1 & 15-2.) Therefore, Respondent argues, no case or controversy exists here because Petitioner has received all of the relief the court could have issued.

In response, Petitioner indicates that he does not object to the dismissal of this matter. However, he asks the court to issue an order allowing Petitioner to "relitigate" this matter if Respondent reverses the expungement of the disciplinary action at issue here, and he also seeks the return of the filing fee in this matter.

The court finds Respondent's motion to dismiss should be granted because this matter is moot. "The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction." Porter v. Clarke, 852 F.3d 358, 363 (4th Cir. 2017) (quoting Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 763 (4th Cir. 2011)). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the out-come." Incumaa v. Ozmint, 507 F.3d 281, 286 (4th Cir. 2007) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). Where the claimant receives the relief he sought to obtain through his claim, the change in factual circumstance renders the claim moot. See Simmons, 634 F.3d at 763. Here, Petitioner has received the relief he sought by filing this action. Therefore, the case is moot and the court no longer has jurisdiction over this matter.

*PJG*

**RECOMMENDATION**

The court recommends Respondent's motion to dismiss be granted and the Petition be dismissed without prejudice as moot.[1] [2]

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 14, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] As to Petitioner's request for an order allowing Petitioner to "relitigate" this matter, the court notes that the court recommends the case be dismissed *without* prejudice.

[2] As to Petitioner's request to have the filing fee returned to him, the request is denied. See Fed. R. Civ. P. 54; Buckhannon Bd. & Care Home, Inc. v. W.V. Dep't of Health & Human Res., 532 U.S. 598, 600-605 (2001) (holding that "prevailing party" does not encompass a plaintiff who achieved the relief he sought in court via the defendant's voluntary change in conduct); cf. 28 U.S.C. § 1919 (allowing the court to order payment of costs when an action is dismissed for want of jurisdiction).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).