IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Windsor W. Kessler, III, <br><br> Petitioner <br><br> v. <br><br> Warden Gio Ramirez, <br><br> Respondent. | C/A No. 0:17-1850-CMC <br><br><br> **Opinion and Order** |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner seeks to have a January 2017 incident expunged from his prison disciplinary record and his good conduct time (14 days) restored. He claims he was not provided due process because he was prevented from questioning a witness at the incident hearing, and did not receive a copy of the findings against him therefore preventing an appeal.

On October 26, 2017, Respondent filed a Motion to Dismiss, arguing the Petition was rendered moot because the Bureau of Prisons ("BOP") expunged the contested disciplinary action and restored his good time credit. ECF No. 15. A *Roseboro* Order was mailed to Petitioner on October 27, 2017, advising Petitioner of the importance of a dispositive motion and the need to file an adequate response. ECF No. 16. On November 9, 2017, Petitioner filed his response, stating he had no objection to dismissal, but requesting the court issue an order allowing him to "relitigate this issue" if Respondent reverses the expungement or changes his release date due to this incident. ECF No. 20. Petitioner also requests return of his $5.00 filing fee. *Id.* Respondent filed a reply, noting relief has been granted by the BOP, there is no case or controversy to relitigate,

and therefore Petitioner's request for an order allowing him to "relitigate" should be denied. ECF No. 21. Respondent also argues Petitioner may not receive return of his filing fee, as such relief is not available under § 2241. *Id.*

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On December 14, 2017, the Magistrate Judge issued a Report recommending this matter be dismissed as moot. ECF No. 22. Regarding Petitioner's request for an order allowing him to "relitigate" this matter, the Magistrate Judge recommended the matter be dismissed without prejudice, allowing Petitioner to refile if necessary. *Id.* The Magistrate Judge denied the request for return of the filing fee, as the "'prevailing party' does not encompass a plaintiff who achieved the relief he sought in court via the defendant's voluntary change in conduct*." Id; see Buckhannon Bd. and Care Home, Inc. v. W.V. Dep't of Health & Human Res.*, 532 U.S. 598, 600-605 (2001). The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Neither party filed Objections to the Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating "in

the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. The petition is dismissed without prejudice as moot.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
January 9, 2018